560 A.2d 145

**FRATERNAL ORDER OF POLICE STAR LODGE NO. 20, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1988.

Decided June 30, 1989.

Anthony C. Busillo, II, Harrisburg, for appellant.

James L. Crawford, Kathryn Speaker MacNett, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

### ORDER

PER CURIAM.

Judgment affirmed.

STOUT, Former Justice, did not participate in the decision of this case.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent from the per curiam affirmance entered in this case by the majority.

The issue presented by this appeal is whether police captains were improperly excluded from a bargaining unit

of police officers on the ground that the captains were excludable from the unit as managerial employees pursuant to Act 111.[1]

On December 8, 1983, appellant, the Fraternal Order of Police, Star Lodge No. 20, filed a Petition for Representation with the Pennsylvania Labor. Relations Board (Board), appellee herein, seeking to be certified as the exclusive representative for all of the police officers of the City of Bethlehem (City), including the six police captains who had always been a part of the bargaining unit of police officers (although it is not clear from the record, it appears that the officers had been represented by a different bargaining unit in the past). Following a hearing on the matter, a Board hearing examiner issued an order directing the City to submit to the Board a list of employees eligible to vote, which list would include the names of all full-time police sergeants, detectives and patrolmen, but would exclude the police commissioner and captains, who were found to be "managerial" employees.

An election was conducted, and the Board certified appellant as the exclusive representative of the bargaining unit, consisting of "all full-time and regular part-time policemen including sergeants, detectives and patrolmen; and excluding the police commissioner and captains." Nisi Order of Certification at 3 (Feb. 5, 1985). Appellant filed exceptions to the Board's order, alleging that the hearing examiner relied upon inappropriate criteria to rule that the captains should be excluded from the bargaining unit, and that the finding of managerial status was not supported by substantial evidence. The Board dismissed the exceptions, and, on appeal, a Commonwealth Court panel affirmed. On reargument, Commonwealth Court, en banc, again affirmed the Board and set forth a "restatement" of the law regarding the criteria which must be used to determine managerial

1. Act of June 24, 1968, P.L. 237, No. 111, repealed in part by Act of March 1, 1974, No. 31, § 2(d), and Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. §§ 217.1–217.10 (Purdon's Supp.1988). Act 111 addresses the collective bargaining rights of fire fighters and police officers.

status. We granted appellant's petition for allowance of appeal, which petition was unopposed by the Board.

Although the Board agrees with the result reached by Commonwealth Court, the Board did not oppose our grant of appellant's petition for allowance of appeal in that the Board disagrees with certain criteria set forth by Commonwealth Court as determinative of managerial status. Specifically, the Board argues that the authority to hire, discipline, and fire employees and the authority to represent the employer in matters of public relations have always been considered by the Board to be supervisory functions and are thus, not indicative of managerial status. Commonwealth Court held otherwise, determining herein that the "effective involvement in hiring, serious disciplinary actions and dismissals" and the "authority to commit departmental resources in dealing with public groups" do constitute evidence of managerial status. *Fraternal Order of Police Star Lodge No. 20 v. Pennsylvania Labor Relations Board,* 104 Pa.Commw. 561, 569, 522 A.2d 697, 704 (1987). In its per curiam affirmance of Commonwealth Court, the majority of this Court is taking away from the expertise which has been granted to the Board by this Court with regard to the criteria the Board has developed for determining managerial status. *See, e.g., Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 374, 192 A.2d 707, 715 (1963).

The duty of this Court in reviewing decisions of the Board in the establishment of appropriate bargaining units under the Pennsylvania Labor Relations Act, 43 P.S. §§ 211.1–211.13 (PLRA), is to determine "whether the evidence in support of the Board's decision is substantially and legally credible, arbitrary or illegal." *Pennsylvania Labor Relations Board v. Butz, supra,* 411 Pa. at 374, 192 A.2d at 715. Accordingly, this Court must determine if there is substantial evidence to support the decision of the Board in light of statutory law and the criteria regarding the establishment of appropriate bargaining units set forth by the Board. After this Court held in *Philadelphia Fire Officers Ass'n v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369

A.2d 259 (1977), that the Board had jurisdiction over cases arising under Act 111, and that Act 111 and the PLRA were to be read *in pari materia,* the Board set forth the principles that were to guide parties in the establishment of appropriate bargaining units in all future cases involving fire fighters and police officers.

In *Lower Allen Township,* 8 PPER 376, 378 (1977), the Board, noting that Act 111 does not specify which "policemen" are to be included in a bargaining unit, and that the PLRA simply refers to "employers" and "employees" without defining which tier of employees is to be excluded from a bargaining unit, recognized that these statutes:

> must be construed to include *the widest segment* of employes without infringing on the Employer's reasonable need for effective and faithful operations of its business or enterprise. Thus, we shall include all employes in appropriate bargaining units excepting only those employes whose inclusion would unreasonably interfere with the Employer's management of its operation. Those limited employes who are an essential or integral part of management are by virtue thereof "public employers" since they are directly involved in the formulation and implementation of managerial programs and policies of the public employer.

(emphasis added). As part of its analysis in *Lower Allen Township,* the Board looked for guidance to past bargaining practices between the parties to see if there had been any disruption to the employer's management of its operation with the inclusion, on the employees' side of employment disputes, of those officers who were above the rank and file.

It is clear that the principles set forth by the Board in *Lower Allen Township,* have not been applied uniformly by the Board's hearing examiners, *Fraternal Order of Police, Star Lodge No. 20 v. Pennsylvania Labor Relations Board,* 104 Pa.Commw. 561, 565, 522 A.2d 697, 700 (1987). Although we defer to the expertise of the Board in such cases, the Board must apply its rules relating to the formation of appropriate bargaining units uniformly. In affirm-

ing the decision of the hearing examiner herein, the Board made a determination that was contrary to the principles it set forth in *Lower Allen Township*.

The Board's findings are not supported by substantial evidence. Commonwealth Court and the Board gave particular emphasis, in determining that the captains were managerial employees, to the fact that the police commissioner establishes department policy and draws up the department budget with input from and with the consensus of the six police captains. It is clear from the record, however, that the police captains have no independent authority to institute department policy or to countermand orders of the police commissioner (for example, the police commissioner testified that he would not establish a canine unit in the department even if his captains wished to do so because the police commissioner is adamantly opposed to the same, Hearing Transcript at 127 (March 23, 1984)), nor do they take part in negotiations over the proposed department budget with City authorities. Moreover, there was no evidence of record to show that the past participation of the police captains in the bargaining unit caused disruption to their employer's management of police department operations.

Accordingly, I would reverse the order of Commonwealth Court which affirmed the order of the Board excluding the police captains from the bargaining unit represented by appellant.